OPINION OF THE COURT
John F. Holden, Jr., J.
In this action for attorney’s fees, plaintiff moves to strike the defendant’s answer for her failure to appear for a deposition.
The notice to take the deposition states in pertinent part that it will be taken before "Rocco D’Agostino, an employee of the attorney for the plaintiff who shall record said testimony by means of audiotaping.” Upon receiving the notice, defen *854 dant’s attorney notified the plaintiff that the operator appears to be a family member of one of the parties and, therefore, is disqualified from taking the deposition. The plaintiff replied by stating that the pertinent rules specifically permit the operator to be an employee of the attorney. Plaintiff did not say that the proposed operator was not related to him but merely that he was an employee. Defendant’s attorney replied citing CPLR 3113 (a) and offering to reschedule the deposition and suggesting that it be resolved by taking a stenographic record. The plaintiff then made the motion to strike defendant’s answer and defendant cross-moved for a protective order.
In deciding this motion, the court is assuming that Rocco D’Agostino is related to the plaintiff and that the relationship is such that he would be disqualified to act as a juror. In other words, Rocco D’Agostino’s disqualification does not arise from the fact that he is an employee of the plaintiff which appears to be permitted under the rules governing videotaping but rather from the fact that he is related to the plaintiff. The plaintiff’s motion to strike the defendant’s answer is, therefore, denied, and the defendant is granted a protective order against the taking of her deposition by any person who would be forbidden by subdivision (a) of CPLR 3113 including but not limited to Rocco D’Agostino.